# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20670
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2018

Lyle W. Cayce
Clerk

WILLIE ATKINS,

Plaintiff - Appellant

v.

FRANK E. SZYMCZAK, Lieutenant; DAVID M. RICE, Major of Correction Officers; LINDA J. DOUGLAS, Correction Officer-V; SAMMY L. HUBBARD, Correction Officer-V; ELTON S. SIMMS, Lieutenant of Correction Officers; ANNA A. SANCHEZ, Sergeant of Correction Officers; FELIPE PERALTA, JR., Correction Officer-V; MELLISSA A. WILSON, Sergeant of Correction Officers; CAREY S. STAPLES, Assistant Warden,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1985

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Willie Atkins, Texas prisoner # 1441701, proceeding *pro se*, challenges the summary judgment in favor of defendants (correctional officers) against his

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-20670

42 U.S.C. § 1983 action claiming multiple violations of his Eighth Amendment rights.

Adkins alleges: in May 2010, an inmate began threatening him after a verbal altercation regarding the inmate's preferred television station; that inmate's destroying Adkins' personal property in the following days prompted Adkins to complain to the correctional officers; but the complaints were ignored. In July, Adkins was ordered to change dormitories after a physical fight with a third inmate. While he was packing his belongings in preparation for the move, the inmate linked to the television incident, apparently still aggrieved by it, punched Adkins in his surgically-repaired eye.

Adkins alleges the correctional officers were deliberately indifferent to a substantial risk of harm to him, violating his Eighth Amendment right to be free from cruel and unusual punishment. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). He also alleges one correctional officer, in violation of the Eighth Amendment, forced him to work despite his injuries.

Summary judgment is reviewed *de novo*, applying the same standard as the district court. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). Although the movant bears the burden of identifying the absence of a genuine issue for trial, *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992), thereafter, "the burden shifts to the nonmov[ant] to show with 'significant probative evidence' that there exists a genuine issue of material fact", *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (internal citation omitted). "We review evidence in the light most favorable to the nonmov[ant], but conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmov[ant]." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

No. 16-20670

Under the Eighth Amendment, "prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates". *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006).  But, the Eighth Amendment is violated only by deliberate indifference to a substantial risk of serious harm to an inmate.  *Farmer*, 511 U.S. at 837.  To state a claim for deliberate indifference, a plaintiff must plead facts to show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference".  *Id.*  In addition, prison work requirements that knowingly compel inmates to perform physical labor that is beyond their strength, endangers their lives, or causes undue pain also constitute cruel and unusual punishment in violation of the Eighth Amendment.  *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983).

Adkins has not provided the requisite "significant probative evidence", *Hamilton*, 232 F.3d at 477, showing the correctional officers actually drew an inference that "a substantial risk of serious harm exist[ed]", *Farmer*, 511 U.S. at 837.  Even if he did complain to the corrections officers before the July assault, the other inmate's actions do not support an inference of a strong likelihood of "substantial risk of serious harm" to Adkins.  *Id.*  In addition, although his injuries were sufficient to restrict him from work, his restricted status was not updated until after he was sent back to work.

AFFIRMED.